**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELSA CONSUELO HERNANDEZ-PALMA, | No. 09-73699 |
| Petitioner, | Agency No. A098-919-499 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Elsa Consuelo Hernandez-Palma, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Hernandez-Palma established changed or extraordinary circumstances excusing her late filing. *See* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, we deny the petition as to her asylum claim.

We lack jurisdiction to review Hernandez-Palma's contentions that she is a member of two particular social groups because she failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In addition, we do not consider the new allegations and documentary evidence in Hernandez-Palma's opening brief because our review is limited to the administrative record underlying the IJ's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's determination that Hernandez-Palma did not establish past persecution or a clear probability of persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740

(9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). The record does not show any harm or threats to Hernandez-Palma while she was in Guatemala or any link between her and the disappearance of her brother. *See Wakkary*, 558 F.3d at 1060 (petitioner failed to show murder of friend and attempted murder of pastor were "part of a pattern of persecution closely tied to" himself) (internal citation and quotation omitted). Further, Hernandez-Palma's fear of harm based on general levels of crime and violence in Guatemala or on threats to family members from gangs seeking money does not establish a nexus to a protected ground. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1988) ("[m]ere generalized lawlessness and violence" is generally insufficient); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Accordingly, Hernandez-Palma's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Hernandez-Palma failed to establish it is more likely than not she would be tortured by or with the acquiescence of the government if returned to Guatemala. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

09-73699